Charles W. Jamieson v. Commissioner.
Charles W. Jamieson v. Commissioner
Docket No. 21333.
United States Tax Court
1949 Tax Ct. Memo LEXIS 42; 8 T.C.M. (CCH) 961; T.C.M. (RIA) 49261; October 25, 1949
*42 Charles W. Jamieson, pro se. G. T. Donoghue, Jr., Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined a deficiency in income tax for the calendar year 1945 in the amount of $453.06. At the hearing counsel for Commissioner stated that in computing this deficiency a deduction claimed by petitioner in the amount of $520 and disallowed by respondent was erroneously computed by the Commissioner as $500 and that because of the same the deficiency should be increased in an amount sufficient to cover $20 additional income. This increase was agreed to by petitioner if the Court should determine that the entire $520 was not a proper deduction from petitioner's taxable income. The question presented is as to whether or not the Commissioner erred in refusing to approve the deductions from income by petitioner which are set forth in the findings of fact. Findings of Fact Petitioner is a resident of Libertyville, Illinois, and filed his individual income tax return for 1945 with the collector of internal revenue for the first district of Illinois. In this return petitioner claimed a deduction of $400 as extraordinary *43 repairs and replacements which involved an estimation by the petitioner of the cost of materials to insulate his home. At the time of the hearing petitioner had forgotten the amount of the costs and no record or memorandum was submitted The purpose of the insulation was to make his residence cooler in summer and warmer in winter. The residence was neither rented nor at the time of the improvements was it being offered for sale or rent. He also claimed a deduction in said return of $98 as "Estate Life Insurance Premiums." This amount was also an estimate by petitioner who, however, introduced a quarterly receipt in evidence showing a quarterly payment of $22.96. Petitioner also claimed a deduction of $520 as "Wages Paid." This money was paid during 1945 by petitioner to his housekeeper. The housekeeper purchased food for petitioner's home, did the cooking and laundry for petitioner and for petitioner's son who during that year was a member of the United States Navy but made occasional visits over weekends at his father's home. All of these deductions were disallowed by the Commissioner. Opinion Petitioner's expenditures of $400 for insulating material which petitioner applied *44 to his own home constitute a capital expenditure, increasing the cost base of petitioner's residence. Since the building was not producing revenue at the time of the improvement, nor did petitioner contend that the property was being readied for sale or listed for sale, such expenditures are not deductible from taxable income. . Premiums on life insurance are personal expenses of the taxpayer. . The petitioner's deduction of $98 for this purpose was therefore correctly disallowed. The expense of employing a housekeeper is likewise a personal expense and not deductible from taxable income. . It is therefore our conclusion that the Commissioner did not err in disallowing the deductions herein involved in petitioner's 1945 income tax return. Decision will be entered under Rule 50.